*809 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Section 210 (subd 2, par [g]) of the Taylor Law (Civil Service Law, § 200 et seq.) penalizes a public employee who engages in an illegal strike by providing for the deduction from the employee’s compensation of "an amount equal to twice his daily rate of pay” for each day the employee remains on strike. Effectuation of this statutory policy requires that the term "daily rate of pay” be construed to encompass gross pay, rather than net pay. (See Matter of McGinn v Board of Educ., NYLJ, Dec. 16, 1976, p 13, col 3, affd 57 AD2d 868.) Deduction of the additional day’s pay penalty from an employee’s compensation should be made after taxes have been withheld by the employer upon the full amount of the employee’s compensation. To do otherwise would not penalize an illegally striking employee in an amount equal to his "daily rate of pay”. An employer who deducts the additional day’s pay penalty from the employee’s compensation after first withholding taxes on the total amount of compensation is, in effect, canceling an indebtedness of the employee, income in itself, just as if the employee had been paid for the additional day, had been taxed on that income, and then had repaid the employer a penalty in amount equal to his "daily rate of pay”. (Tucker v Commissioner of Internal Revenue, 69 TC — [No. 54, Feb. 8, 1978]; see, generally, 2 Mertens, Federal Income Taxation, § 11.19.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.